IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 13-CV-00565-REB-MEH

WADE A. WILLIAMS,

Plaintiff,

v.

FOCUS RECEIVABLES MANAGEMENT, LLC,

Defendant.

_____

## ANSWER

COMES NOW Defendant Focus Receivables Management, LLC, (hereinafter "Defendant") by and through undersigned counsel, and for its Answer to Plaintiff's Complaint states the following:

### PRELIMINARY STATEMENT

1. Defendant admits that this Complaint alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (hereinafter "FCRA"), but deny any such violations have occurred or that Plaintiff has any right to relief herein.

### JURISDICTION

2. Defendant admits that generally, jurisdiction of this Court is appropriate pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331, but deny that Plaintiff has any right to relief herein.

3. Defendant makes no objection to venue as alleged in Paragraph 3 of Plaintiff's Complaint.

4. Defendant denies the allegations in Paragraph 4 of Plaintiff's Complaint. The violations alleged have not occurred and Plaintiff has no right to relief herein, nor damages therefore.

5. Defendant admits Plaintiff is a natural person but lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 5 of Plaintiff's Complaint, and therefore, denies the same for the present time.

6. Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 7 of Plaintiff's Complaint, and therefore, deny the same for the present time.

## **FACTUAL ALLEGATIONS**

8. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 8 of Plaintiff's Complaint, and therefore, denies the same for the present time.

9. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 9 of Plaintiff's Complaint, and therefore, deny the same for the present time.

10. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 10 of Plaintiff's Complaint, and therefore, deny the same for the present time.

11. Defendant reincorporates and re-alleges its responses to Paragraphs 1 through 10 above, as if fully set forth herein.

12. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 12 of Plaintiff's Complaint, and therefore, denies the same for the present time.

13. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 13 of Plaintiff's Complaint, and therefore, denies the same for the present time.

14.     Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 14 of Plaintiff's Complaint, and therefore, denies the same for the present time.

15.     Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 15 of Plaintiff's Complaint, and therefore, denies the same for the present time.

16.     Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 16 of Plaintiff's Complaint, and therefore, denies the same for the present time.

17.     Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     Defendant admits Plaintiff sent a letter via certified mail on November 12, 2012, but lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 19 of Plaintiff's Complaint, and therefore, denies the same for the present time.

20.     Defendant admits Plaintiff sent a piece of certified mail on November 24, 2012, but lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 20 of Plaintiff's Complaint, and therefore, denies the same for the present time.

21.     Defendant admits Plaintiff sent a piece of certified mail on December 10, 2012, but lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 21 of Plaintiff's Complaint, and therefore, denies the same for the present time.

22.     Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

## JURY TRIAL DEMAND

25. Defendant denies that Plaintiff has any claim herein, and therefore, denies that Plaintiff is entitled to Trial by Jury as alleged in his Complaint.

## REQUEST FOR RELIEF

26. Defendant denies that Plaintiff is entitled to any damages, fees, costs, other awards, or findings in his favor, as requested in Plaintiff's Request for Relief.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Pursuant to Section 615 (c) of the Fair Credit Reporting Act, Plaintiff's claims are barred, in whole or in part, by Asset's reasonable procedures to assure compliance with the Fair Credit Reporting Act.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with prejudice, for its attorney's fees and costs incurred herein, and for such further and other relief as the Court deems just and equitable.

DATED: This 1st day of April, 2013.

Respectfully Submitted,

Adam L. Plotkin, P.C.

/s/Joseph J. Lico_____
Joseph J. Lico, Esq., #29944
621 Seventeenth Avenue, Suite 1800
Denver, Colorado 80293
Telephone: (303) 302-6864
FAX: (303) 302-6864
Attorney for Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that on this 1st day of April, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and served a true and correct copy on the following by U.S. Mail and email:

Wade A. Williams
13843 Fairfax Street
Thornton, CO  80602
*PRO SE* PLAINTIFF

                                                   /s/Joseph J. Lico_____
                                                   Joseph J. Lico, Esq.